UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| ERIC G. THORKILSEN | : | **CASE NUMBER 05CIV4992** [ROBINSON] |
| PLAINTIFF, | : | |
| V. | : | **COMPLAINT** |
| TIME INC. SEVERANCE PLAN FOR REGULAR EMPLOYEES and | : | |
| MARCIE JACOB, VICE PRESIDENT HUMAN RESOURCES, PLAN ADMINISTRATOR | : | MAY 25, 2005 |
| | : | |
| DEFENDANTS | : | |

---

### NATURE OF ACTION

1. This action is brought by Plaintiff, a participant in the Defendant Time Inc. Severance Plan For Regular Employees ("Plan"), to recover benefits due and unpaid under the terms of said Plan as governed by the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq.("ERISA"), and more particularly § 1132(a)(1)(B) thereof.

## JURISDICTION AND VENUE

2.	The Court has jurisdiction of this matter under 29 USC § 1132(e).

3.	Venue is proper in this District under 29 USC §1132 (e) (2) in that the Plan is administered in this District.

## PARTIES

4.	Plaintiff, Eric Thorkilsen, is an individual currently residing at 229 Lost District Drive, New Canaan, Connecticut..

5.	Defendant Plan is an "employee welfare benefit plan" as defined and governed by the provisions of ERISA, with principal offices located at 1271 Avenue of the Americas, New York, New York..

6.	Defendant, Marcie Jacob, Vice President Human Resources, Time Inc., has been identified to Plaintiff as the Plan Administrator of the Plan, with principal offices located at 1271 Avenue of the Americas, New York, New York.

## FACTS

7.	Plaintiff entered the employ of Time, Inc. ("Time") on or about September 1973 and continued in such employment until his employment was terminated by Time on January 7, 2005.

8.     Plaintiff provided services to, and continued in the employ of, Time in consideration, in part, of Plaintiff's participation in the Plan.

9.     The Plaintiff was classified, during his employment by Time, as a Regular Employee.

10.    The Plan states, *inter alia*, the following:

### "Regular Employees

### Job Elimination Severance Policy

<u>Eligibility</u>

You are eligible for benefits (including notice and severance pay) under this Policy if you are classified by the Company as a Regular Employee and your employment is terminated by the Company as part of job elimination, as determined pursuant to Company policy.  Job elimination may result from any of the following scenarios: elimination of a division, department or function; reduction in force of a division or department; merger of job functions; or modification of a job function."

11.    The Plaintiff's employment was terminated by job elimination as defined in the Plan.

12.    Plaintiff demanded and was denied the severance pay due him under the Plan.

13.     Pursuant to the provisions of the Plan, on February 21, 2005 the Plaintiff filed a written claim with the Plan Administrator for the payment of benefits under the Plan.

14.     As of the filing of this action, the Defendants have issued no response to Plaintiff's claim for benefits.

15.     The terms of the Plan provide, inter alia, "You will be informed of the Plan Administrator's decision with respect to your claim within 90 days after it is filed. . . .If you are not notified within the 90 da-day period, you may consider your claim to be denied."

16.     Plaintiff's claim for benefits under the Plan was therefore denied by the Plan Administrator without explanation on May 23, 2005, that date being the expiration of ninety (90) days from the date of filing.

17.     The failure of the Defendants to pay Plaintiff the Plan benefits to which he is entitled constitutes a breach of the terms and provisions of the Plan by the Defendants for which the Defendants are liable.

18.     The denial by the Defendants to pay the Plan benefits to the Plaintiff was arbitrary or capricious, unsupported by substantial evidence, or founded on an erroneous interpretation of law.

19.     The amount of the Plan benefits accrued and unpaid to the Plaintiff at the time this Complaint is submitted is in excess of $340,000, exclusive of interest, costs and attorneys fees.

WHEREFORE, Plaintiff requests:

1. Judgment in the amount of Five Hundred Thousand ($500,000.00) Dollars for all Plan benefits accrued and unpaid.;

2. Interest as allowed by law for all unpaid and accruing amounts;

3. Attorney's fees and costs as allowed by the law;

4. Such other and further relief as the Court may deem appropriate.

PLAINTIFF

By_____

Jeffrey S. Stephens (JSS9212)
Mark V. Burns, Esq.
14 Duncan Drive
Greenwich, CT 06831
Telephone:  203/531-5800
Fax:  203/531-1417